## J. W. BLACKMAN v. WILLIAM LEONARD.

A notice of protest served on the endorser at his residence in New Orleans on the day after the protest is sufficient.

The holder of several notes of the same maker, has a right to impute a partial payment made on them to part of the notes, and is not bound to make the imputation to all *pro rata*.

APPEAL from the Sixth District Court of New Orleans, *Howell*, J.
*Whittaker & Fellows*, for plaintiff. *Charles E. Schmidt*, for defendant and appellant.

LAND, J. This suit was instituted against the defendant as the endorser of nine several promissory notes. His defence is, first, that he was not duly and legally notified of the protests of said notes ; secondly, that time was granted, by the plaintiff, to the maker of the notes, for a valuable consideration, without his (defendant's) consent ; and, thirdly, that the maker of the notes made a partial payment to the plaintiff, to the benefit of which, he, the defendant, is entitled.

I. There was only judgment against the defendant on four of the promissory notes, and the evidence shows that they were duly protested at maturity, for non-payment, and that notices of protest were served on the defendant, at his residence in this city, on the day after the protest. This notice was sufficient.

II. The evidence does not show that the plaintiff granted time to the maker, without the defendants' consent.

III. The maker of the notes made a payment to the plaintiff of two hundred and fifty dollars ; but at the time, the plaintiff was the holder of fourteen several promissory notes of the maker, for which the defendant was liable.

The imputation to a part of the notes, they all bearing the same rate of interest, instead of an imputation to all *pro rata*, was an advantage to the debtor, as it thus extinguished more of the capital, or otherwise the imputation was to him immaterial.

It is, therefore, ordered, adjudged and decreed, that the judgment be affirmed, with costs.